UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**REGINALD PICKETT,**

    **Plaintiff,**

  v.                                    Case No. 20-CV-140

**JUDGE JANE CARROLL and
CARMEN ORTIZ,**

    **Defendants.**

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND REPORT AND RECOMMENDATION TO DISMISS

On January 29, 2020, Reginald Pickett filed a *pro se* complaint against Judge Jane Carroll[1] and also Carmen Ortiz, the guardian ad litem for Pickett's child. (Docket # 1.) Pickett also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) For the reasons below, Pickett's motion will be denied and I will recommend that the case be dismissed.[2]

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first

---

[1] Pickett refers to "Judge Caroll Jane" (Docket # 1) and "Caroll Jane Judge" (Docket # 2). The clerk of court has corrected the name in the case caption.

[2] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding dismissal. *See Coleman v. Labor and Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Pickett states that he earns $1,903 per month and his spouse earns $1,600 per month. (Docket # 2 at 1.) He indicates monthly expenses of $200 rent, $200 car payments, $475 alimony or child support, $100 clothing, $50 gas, $75 utilities, and $55 cell phone. (*Id.* at 2.) These expenses total $1,155. Even without considering his spouse's wages, that presumably leaves Pickett a monthly surplus of $748. Pickett avers that he works as a school bus driver and that during the summer his sole income will be food stamps of $197. (*Id.* at 4.) However, the monthly surplus from the rest of the year would more than cover his stated expenses during the summer months. On this information, I am obliged to conclude that Pickett can pay the one-time $400 filing fee.

Additionally, Pickett's complaint does not state any claim on which relief could be granted. Pickett, who is apparently divorcing and involved in child custody proceedings in state court, contends that Judge Carroll violated his First Amendment right to free speech by repeatedly cutting him off when he was speaking; did not allow discovery in the case; and violated his right to counsel. (Docket # 1 at 2–3.) He also contends that Ortiz, the court-appointed guardian ad litem for his child, is representing the child's mother instead of the child and has violated court rules. (*Id.* at 3, 4.) He further complains of hearsay in the court proceedings. (*Id.* at 4.) Pickett requests that this court order Judge Carroll to stop violating his constitutional rights and to "evaluate cases with primary authority not persuasive authority." (*Id.* at 4.) In a separate motion, Pickett requests extensions of time to file briefs and memoranda; a stay on an unspecified order of the state court; and review of alleged violations of his constitutional rights in the state court proceedings. (Docket # 3.)

Pickett's complaint is a frivolous one. In 2018, Judge Stadtmueller dismissed a similar—at times identical—complaint by Pickett against a different judge and a different guardian ad litem. *Pickett v. Van Grunsven et al.*, No. 18-CV-746 (E.D. Wis. May 31, 2018). In his report and recommendation to dismiss that case, Magistrate Judge Duffin explained that the judge and the guardian ad litem were entitled to absolute immunity for their actions in connection with the state court case. *Id.* ECF No. 4 at 5 (citing *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Forrester v. White*, 484 U.S. 219, 225–29 (1988); *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009)). Judge Duffin also explained that the complaint lacked sufficient details as to the guardian ad litem's alleged actions to plausibly state a claim, and that a federal court cannot upset the order of a state court. *Id.* at 5–6 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284

(2005); *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008); *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004)). Judge Stadtmueller adopted Judge Duffin's report and recommendation, noting that Pickett had filed no objection to it, and dismissed the case. *Id.* ECF No. 8. For the same reasons, Pickett's current complaint should be dismissed. Additionally, the only alleged federal claim—violation of Pickett's right to free speech—is unsupported by any allegations plausibly amounting to a First Amendment claim. Without a federal claim, this court cannot exercise supplemental jurisdiction over any of Pickett's state law claims. *See* 28 U.S.C. § 1367(c)(3).

In sum, Pickett has not shown that he is indigent, and his complaint is frivolous and fails to state any claim on which relief could be granted. Because amendment could not conceivably cure the complaint's defects, I will deny Pickett's request to proceed *in forma pauperis* and recommend that the action be dismissed. I will also deny his motion for extension of time and stay in his state court proceedings and remind Pickett that he must appeal state court decisions to state appellate courts, not federal district court.

### ORDER AND REPORT AND RECOMMENDATION

**NOW, THEREFORE, IT IS ORDERED** that Pickett's motion to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Pickett's motion for extension of time and motion for stay (Docket # 3) is **DENIED**.

**NOW, THEREFORE, IT IS RECOMMENDED** that Pickett's complaint (Docket # 1) be dismissed without prejudice.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable,

whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2020.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge