UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

REGINALD PICKETT,

        Plaintiff,

   v.

        Case No. 20-cv-140-pp

JUDGE JANE CARROLL,
and CARMEN ORTIZ,

        Defendants.

---

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 5)
AND DISMISSING CASE WITHOUT PREJUDICE**

---

On January 29, 2020, the plaintiff filed a complaint against "Judge Caroll Jane Circuit Judge Rm 514 County Court House" and Carmen Ortiz, guardian *ad litem*. Dkt. No. 1. Magistrate Judge Nancy Joseph denied the plaintiff's motion to proceed without prepaying the filing fee and recommended that this court dismiss the case. Dkt. No. 5. At the end of her recommendation, Judge Joseph advised the plaintiff that he had fourteen days to file an objection. Dkt. No. 5 (citing 28 U.S.C. §§636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b)(2)). Because the deadline has passed without an objection, the court reviews the recommendation for clear error. Johnson v. Zema Sys. Corp., 170 F.3d 734 (7th Cir. 1999).

The complaint does not identify the court in which Judge Jane Carroll sits, or the case that gives rise to the plaintiff's complaints. The Milwaukee County Circuit Court web site shows that Jane Carroll is the presiding judge in

1

family court, Branch 39, and that she holds court in Room 514. https://county.milwaukee.gov/EN/Courts/Chief-Judge/List-of-Court-Officials, last visited March 11, 2020. The Milwaukee County Circuit Court public docket shows that in October 2018, Carmen Pickett applied for a restraining order against the plaintiff; the judge assigned to the case was Presiding Judge Carroll. <u>Pickett v. Pickett</u>, 2018CV008547 (Milw. Cty.), available at https://wcca.wicourts.gov/.

The plaintiff alleges that the judge violated his First Amendment rights by "constantly cut[ting] [him] off when she asked [him] do[es] [he] have anything to say, concerning the ongoing suspected facts she proposes towards [him] in this case." <u>Id.</u> He complains that the judge did not allow discovery. <u>Id.</u> at 3. He argues that the guardian *ad litem* is representing the mom, rather than representing the best interests of his child. <u>Id.</u> He says the judge violated his right to obtain counsel, and that the guardian stipulated to proceed with the trial "against" his right to counsel. <u>Id.</u> He says that "it was stated" that he had plenty of time to get a lawyer and that he'd said he was going to get one "for the earlier part of the case." <u>Id.</u> The plaintiff also alleged that the guardian violated "many rules of the court," and that the guardian allowed him to have his child even though he was accused of assaulting his daughter. <u>Id.</u> at 4.

The plaintiff made similar—almost identical—allegations in <u>Pickett v. Van Grunsven, et al.</u>, Case No. 18-cv-746 (E.D. Wis. 2018) against a different judge and a different guardian *ad litem*. As Judge Duffin explained in his recommendation to dismiss that prior case, a judge is entitled to absolute

2

immunity for her judicial actions. Id., Dkt. No. 4 at 5 (citing Richman v. Sheahan, 270 F.3d 430, 434 (7th Cir. 2001). He also explained that when a guardian *ad litem* acts at the judge's direction, the guardian also is absolutely immune from damages. Id. (quoting Cooney v. Rossiter, 583 F.3d 967, 970 (7th Cir. 2009)). Judge Duffin also concluded that the plaintiff had not stated sufficient facts against the guardian to state a claim. Id. Finally, Judge Duffin noted that the plaintiff was essentially asking the federal court to overturn a state court's order. Id. He explained that but for certain narrow exceptions, "a federal civil rights lawsuit cannot be used to upset the order of a state court." Id. at 5-6 (citing, *e.g.*, Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

After first concluding that the plaintiff had sufficient funds to pay the one-time filing fee, dkt. no. 5 at 2, Judge Joseph concluded that the plaintiff's complaint in this case does not state a claim upon which a federal court may grant relief, id. at 3. She surmised that the plaintiff was "involved in child custody proceedings in state court," and she reviewed his claims. Id. Opining that the plaintiff's claim was frivolous, Judge Joseph noted that in the 2018 case, Judge Stadtmueller—on Judge Duffin's recommendation—had "dismissed a similar—at times identical—complaint" by the plaintiff. Id. She recommended that this court dismiss this complaint for the same reasons that Judge Stadtmueller dismissed the 2018 complaint. Id. at 4. She also noted that the only alleged *federal* claim in this complaint (the plaintiff's allegation that Judge Carroll violated his First Amendment right to free speech) was not

3

supported by any factual allegations, and that without a *federal* claim, this court had no jurisdiction over state-law claims. Id.

This court agrees with Judge Joseph's recommendation. As the court has noted, the plaintiff has not told the court where or when the events of which he complains occurred. He does not provide the case name or number for the state case. He does not say what that case was about. Without that information, the court has no way to know whether he has a right to counsel (as he claims). The plaintiff alleges that Judge Carroll "kept cutting him off," but he doesn't allege that she did not allow him to speak at all, and he doesn't describe the circumstances under which he was speaking. He does not provide any facts to support his claim that the guardian was not acting in the child's best interest; even if he had, that would be a *state* law claim, not a federal claim. He does not provide any facts to support his claim that the guardian did not follow the state court rules, and even if he had, that, too, would be a *state* law claim. The plaintiff has not stated sufficient facts to state a claim on any of the issues he has raised, federal *or* state.

Even if he had, however, as discussed above, Judge Carroll enjoys absolute immunity in the exercise of her judicial duties, and the guardian she appointed enjoys the same immunity when acting on Judge Carroll's orders.

Judge Joseph did not commit clear error. The court will adopt her recommendation and will dismiss this case.

The court **ADOPTS** Judge Joseph's recommendation. Dkt. No. 5.

The court **ORDERS** that this case is dismissed without prejudice. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 12th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**